Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| CONSEJO DE TITULARES DEL CONDOMINIO PARQUES DE CUPEY, ATTENURE HOLDINGS TRUST 11 Y HRH PROPERTY HOLDINGS<br>Peticionario<br><br>v.<br><br>TRIPLE S PROPIEDAD, INC.<br>Recurridos | KLCE202301234 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2019CV09629<br><br>Sobre: SENTENCIA DECLARATORIA, INCUMPLIMIENTO DE CONTRATO DE SEGUROS, RECLAMACIÓN RELACIONADA AL HURACÁN MARÍA |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## S E N T E N C I A

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece ante *nos*, el Consejo de Titulares del Condominio Parques de Cupey (Consejo de Titulares) y nos solicitan que revisemos la *Orden* emitida el 2 de septiembre de 2023 y notificada el 5 de septiembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción en Solicitud de Orden para Compeler a la Parte Demandada a Descubrir Información Pertinente y No Privilegiada*, que presentó el Consejo de Titulares.

Por los fundamentos que expondremos a continuación, *expedimos* el recurso de *certiorari* y se *revoca* de forma parcial la *Orden* recurrida.

### I.

El 16 de septiembre de 2019, el Consejo de Titulares presentó una *Demanda* sobre sentencia declaratoria y daños en contra de Triple-S Propiedad, Inc. (Triple-S) por incumplimiento de contrato,

Número Identificador

SEN2023 _____

dolo y mala fe en la ejecución del contrato. A grandes rasgos, solicitó la indemnización tras las pérdidas causadas por el huracán María ante la presunta dilación e incumplimiento de Triple-S en honrar los términos de la póliza de seguros y el Código de Seguros de Puerto Rico.

Posteriormente, el 15 de julio de 2020, Triple-S presentó una *Contestación a Demanda.* En apretada síntesis, Triple-S alegó que los daños reclamados por el Consejo de Titulares y su extensión son sobrevalorados, exagerados, especulativos, infundados, preexistentes e inexistentes. Añadió que los daños reclamados contienen alteraciones u omisiones de información y prueba de apoyo.

Luego de varios incidentes procesales, dio comienzo el descubrimiento de prueba. Así las cosas, el 23 de septiembre de 2022, el Consejo de Titulares le cursó a Triple-S el *Primer Pliego de Interrogatorios y Requerimiento para la Producción de Documentos.* Luego, el 9 de diciembre de 2022, Triple-S le notificó al Consejo de Titulares una *Contestación al Primer Pliego de Interrogatorios y una Contestación al Requerimiento para la Producción de Documento.*

Consecuentemente, el 8 de marzo de 2023, el Consejo de Titulares le envió a Triple-S una misiva según dispone la Regla 34.1 de Procedimiento Civil (32 LPRA Ap. V), con el propósito de discutir las insuficiencias de las contestaciones y de las objeciones de Triple-S y coordinar una reunión. El 8 de mayo de 2023, las partes llevaron a cabo la reunión. Así, el 27 de junio de 2023, Triple-S le cursó una misiva al Consejo de Titulares mediante la cual reiteró varias de sus objeciones y anejó una producción suplementaria.

Oportunamente, el 15 de agosto de 2023, el Consejo de Titulares presentó una *Moción en Solicitud de Orden para Compeler a la Parte Demandada a Descubrir Información Pertinente y No*

*Privilegiada.* En dicha solicitud, el Consejo de Titulares le solicitó al foro primario que le requiriera a Triple-S producir ciertos documentos relevantes a la reclamación de epígrafe.

El 31 de agosto de 2023, Triple-S presentó una *Oposición a Moción en Solicitud de Orden para Compeler a la Parte Demandada a Descubrir Información Pertinente y No Privilegiada.* Oportunamente, el 2 de septiembre de 2023, notificada el 5 de septiembre de 2023, el TPI emitió una *Orden* mediante la cual determinó que cierta información solicitada por el Consejo de Titulares a Triple-S no era descubrible mientras que otra sí. En específico, el foro de instancia denegó la solicitud, por entender impertinente y/o inmaterial, el descubrimiento de: (1) toda la información requerida sobre la suscripción, por entender que en el caso de epígrafe no existe controversia sobre la existencia, validez, cubierta y vigencia de la póliza emitida; y (2) toda la información relacionada a las políticas, prácticas, procedimientos y criterios utilizados por Triple-S.

Inconforme, el 20 de septiembre de 2023, el Consejo de Titulares presentó una *Moción de Reconsideración Parcial.* El 5 de octubre de 2023, Triple-S presentó una *Moción de Cumplimiento de Orden y en Oposición a Moción de Reconsideración Parcial.* El 6 de octubre de 2023, el TPI emitió una *NH Reconsideración Orden* mediante la cual denegó la solicitud de reconsideración que presentó el Consejo de Titulares.

Insatisfechos aun, el 6 de noviembre de 2023, la parte peticionaria presentó una *Petición de Certiorari* y señaló la comisión de los siguientes errores:

> **PRIMER ERROR: El Tribunal de Primera Instancia erró y abusó de su discreción al denegar el descubrimiento del expediente de suscripción o "underwriting" y lo relacionado al proceso de suscripción para determinar que dicha información era impertinente por, presuntamente, no existir**

**controversia sobre la existencia, validez, cubierta y vigente [sic] de la póliza en el caso de epígrafe.**

**SEGUNDO ERROR: El Tribunal de Primera Instancia erró y abusó de su discreción al denegar el descubrimiento de toda la información relacionada a las políticas, prácticas, procedimiento y criterios utilizados por Triple-S (entiéndase, la información sobre las *reservas* relacionadas a la reclamación de Parques de Cupey, la información sobre el *proceso de reaseguro* en lo relacionado a la reclamación de Parques de Cupey, la información sobre la *estructura de compensación* de Triple-S en lo relacionado a la reclamación de Parques de Cupey, así como los Documentos y Comunicaciones o Políticas relacionadas al uso de Xactimate, RS Means y cualquier otro software designado para estimar los costos de construcción o reparación de daños), por entender que la información solicitada era indiscriminada, inmaterial, innecesaria e impertinente a la controversia del caso de epígrafe.**

**TERCER ERROR: El Tribunal de Primera Instancia erró y abusó de su discreción al no haber evaluado y tomado en consideración que la información solicitada no era privilegiada, por lo que debió haberse ordenado su descubrimiento.**

**CUARTO ERROR: El Tribunal de Primera Instancia erró y abusó de su discreción al abstenerse de aclarar el alcance de la orden que impuso a Triple-S, en cuanto a la obligación de esta última de producir toda la evidencia que sostiene su alegación de que los daños reclamados por la Parte Peticionaria son preexistentes al paso de los huracanes Irma y María.**

Examinado el recurso de *certiorari*, este Tribunal emitió una *Resolución* el 8 de noviembre de 2023, concediéndole un término de veinte (20) días a la parte apelada para que expresara su posición al recurso. El 29 de noviembre de 2023, la parte apelada presentó una *Oposición a Petición de Certiorari Civil*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212

DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,*

165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o

varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra,* pág. 581; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**B. Descubrimiento de prueba**

La Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes "descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio". *Rivera Durán v. Banco Popular de P.R.*, 152 DPR 140, 151-152 (2000). El fin práctico de esos mecanismos, es que las partes tengan derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea. Así pues, el esquema adoptado por nuestras reglas deja en manos de los abogados y abogadas el trámite del descubrimiento, para así fomentar una mayor flexibilidad y cooperación entre las partes. *Lluch v. España Service Sta., supra.*

Asimismo, las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia, (2) obtener evidencia para ser utilizada en juicio, evitando así sorpresa en esta etapa de los procedimientos, (3) facilitar la búsqueda de la verdad y (4) perpetuar la evidencia. Véase, *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* En otras palabras, lo que se busca es permitir que las partes puedan prepararse para el juicio, de forma que tengan la oportunidad de

obtener evidencia necesaria para evaluar y resolver las controversias de su caso.

Es importante señalar que, si bien es cierto que nuestro máximo Foro ha interpretado que el mecanismo de descubrimiento de prueba debe ser amplio y liberal, también ha reconocido que éste no es ilimitado o irrestricto. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 391 (2021). Sobre el particular, la Regla 23.1 de Procedimiento Civil (32 LPRA Ap. V) dispone lo siguiente:

> El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, en conformidad con las disposiciones de estas reglas, será como sigue:
>
> (a) En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles, y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible [...].

Cónsono con lo anterior, nuestra última instancia judicial ha reconocido dos limitaciones al descubrimiento de prueba. Estos son, que la información objeto del descubrimiento de prueba no sea privilegiada y que la misma sea pertinente a la controversia. *Rivera Durán v. Banco Popular de P.R.*, *supra.* Véase, además, *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 730-731 (1994); *Ortiz Rivera v. E.L.A., National Ins. Co,* 125 DPR 65, 70 (1989); *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 38-39 (1986).

Así, debemos recordar que los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera Gómez y otros*

*v. Arcos Dorados Puerto Rico, Inc. y otros, supra*; *Cruz Flores et al. v. Hosp. Ryder et al., supra.* Por esa razón, este Tribunal de Apelaciones no debe intervenir con dicha discreción; salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Rivera Durán v. Banco Popular de P.R., supra,* págs. 154-155.

### a. Los privilegios y el descubrimiento de prueba

Es harto conocido que el descubrimiento de prueba se extiende a cualquier materia que no esté privilegiada y que sea pertinente al asunto en controversia. *Ponce Advance Medical Group Network, Inc. v. Santiago González et al.,* 197 DPR 891 (2017). Véase, además, *Alvear Maldonado v. Ernst & Young LLP,* 191 DPR 921, 925 (2014). Sobre la primera restricción, nuestro máximo Foro ha precisado que la materia privilegiada es aquella que se encuentra dentro del alcance de uno de los privilegios reconocidos en las Reglas de Evidencia. *Ponce Advance Medical Group Network, Inc. v. Santiago González et al., supra.* Véase, además, *E.L.A. v. Casta,* 162 DPR 1, 10 (2004); *García Rivera et al. v. Enríquez,* 153 DPR 323, 333 (2001). Consecuentemente, en ausencia de la invocación oportuna de un privilegio específica reconocido en nuestras Reglas de Evidencia, una parte en un pleito no puede objetar un requerimiento de descubrimiento de prueba bajo ese fundamento. *Ponce Advance Medical Group Network, Inc. v. Santiago González et al., supra; García Rivera et al. v. Enríquez, supra.*

Lo anterior responde a que los privilegios probatorios rompen con el propósito principal de las Reglas de Evidencia: "el descubrimiento de la verdad en todos los procedimientos juridiciales". Regla 102 de Evidencia (32 LPRA Ap. VI). Así pues, por consideraciones de política pública, el privilegio excluye prueba que de otro modo seria pertinente y descubrible. *Ponce Advance Medical*

*Group Network, Inc. v. Santiago González et al., supra,* citando a E.L. Chiesa Aponte, *Tratado de Derecho Probatorio: Reglas de Evidencia de Puerto Rico y Federales*, San Juan, Pubs. JTS, 1998, T.I, pág. 185. Véase, además, *Pagán et al. v. First Hospital,* 189 DPR 509, 517-518 (2013). Así, se reconoce la existencia de diversos intereses sociales que requieren protección y que, en ocasiones, pueden ser superiores a la búsqueda de la verdad. *Ponce Advance Medical Group Network, Inc. v. Santiago González et al., supra.*

En definitiva, por su función, los privilegios impiden el descubrimiento de ciertos actos, hechos o comunicaciones. *Pagán et al. v. First Hospital, supra.* Por lo cual, los tribunales debemos interpretar la existencia de un privilegio probatorio de manera restrictiva para no entorpecer la consecución de la verdad en los procesos judiciales. Íd. Así pues, los privilegios no se concederán de manera automática y se reconocerán únicamente cuando se invoquen de manera certera y oportuna. *Ponce Advance Medical Group Network, Inc. v. Santiago González et al., supra.*

Asimismo, el Tribunal Supremo ha establecido que la parte que se considere poseedora de cierta materia privilegiada cuyo descubrimiento se procura, deberá, tan pronto se solicite la información: (1) objetar la producción de los documentos, las comunicaciones o los objetos requeridos; (2) indicar expresamente el privilegio específico que pretende invocar; (3) exponer con particularidad los hechos concretos en los que se basa la aplicabilidad del privilegio; (4) fundar con claridad la existencia de los elementos legales del privilegio en cuestión, y (5) describir la naturaleza de la evidencia no producida de forma tal que, sin revelar la información privilegiada, permita a otras partes evaluar su reclamación. *Ponce Advance Medical Group Network, Inc. v. Santiago*

*González et al., supra.* Véase, además, Regla 23.3 de Procedimiento Civil, *supra.*

De no haber discrepancia entre las partes, en torno a la existencia y alcance del privilegio o de mediar un acuerdo entre ellas sobre cómo proceder con la información privilegiada, la intervención de los foros judiciales será innecesaria y el procedimiento de descubrimiento de prueba continuará de manera extrajudicial. *Ponce Advance Medical Group Network, Inc. v. Santiago González et al., supra.* Sin embargo, si alguna de las partes se opone a la extensión del privilegio y acredita que realizó los esfuerzos de buena fe que exige la Regla 34.1 de Procedimiento Civil (32 LPRA Ap. V), el tribunal tendrá que resolver si el poseedor del privilegio estableció, mediante preponderancia de la prueba, los elementos del privilegio que invoca. *Pagán et al. v. First Hospital, supra.*

### C. Abuso de discreción

Nuestro Tribunal Supremo ha establecido que, los tribunales apelativos no interferirán con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*; *Cruz Flores et al. v. Hosp. Ryder et al., supra.* Por lo cual, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.*

En lo pertinente, nuestro máximo Foro ha definido la discreción judicial como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.*

Véase, además, *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997). Así pues, el ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra.* Conforme a lo anterior, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. Íd. Véase, además, *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).

Asimismo, se ha señalado que un tribunal abusa de su discreción:

> cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en este, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra; SLG Zapata-Rivera v. J.F. Montalvo, supra.*

### III.

En lo que respecta al primer señalamiento de error, la parte peticionaria planteó que el foro de instancia erró y abusó de su discreción al denegar el descubrimiento del expediente de suscripción o *underwriting* y lo relacionado al proceso de suscripción para determinar que dicha información era impertinente por, presuntamente, no existir controversia sobre la existencia, validez, cubierta y vigencia de la póliza en el caso de epígrafe.

Según surge del expediente, en las alegaciones de la *Demanda* la parte peticionaria alegó que Triple-S realizó un manejo inadecuado sobre su reclamación. Específicamente, sostuvo que el ajustador de reclamaciones de Triple-S subvaloró el costo de las reparaciones de la mayoría de las partes de la propiedad asegurada que Triple-S ha admitido sufrieron daños a causa del huracán

María.[1] Además, indicó que Triple-S actuó con dolo y mala fe al rehusarse a pagar la reclamación de seguro que presentó.[2] Por su parte, Triple-S levantó como defensa afirmativa la existencia de fraude por presuntamente existir daños preexistentes en la propiedad y que no fueron causados por el huracán María.

Según establece nuestro ordenamiento jurídico, las defensas afirmativas deben expresarse en la alegación responsiva de manera clara, expresa y específica o de lo contrario se entenderán renunciadas. Así, del expediente ante *nos* no se desprende que la parte recurrida haya renunciado a esta defensa. Asimismo, la parte recurrida levantó como defensa afirmativa que "[l]os daños alegados, los cuales se niegan, son exagerados, especulativos, infundados y excesivos".[3] Por lo cual, la información solicitada que haga referencia al estado de la propiedad previo a suscribir la póliza cobra relevancia en el descubrimiento de prueba debido a que es pertinente a las defensas afirmativas que presentó Triple-S en su *Contestación a Demanda*. En consecuencia, el primer señalamiento de error fue cometido; por lo tanto, procede el descubrimiento del expediente de suscripción o *underwriting.*

No debemos pasar por desapercibido que, la información sobre la suscripción de la póliza no es un asunto que escape al descubrimiento de prueba en pleitos contra aseguradoras. Es decir, el expediente de suscripción es el punto de partida del proceso de ajuste de reclamación, ya que contiene información sobre la forma en que la aseguradora evaluó la propiedad antes de asumir los riesgos cubiertos por la póliza. Así pues, dicha evaluación permite

---

[1] Véase, alegaciones #48 y 49 de la *Demanda* que presentó la parte peticionaria el 16 de septiembre de 2019.

[2] Véase, alegaciones #57, 58 y 59 de la *Demanda* que presentó la parte peticionaria el 16 de septiembre de 2019.

[3] Véase, alegaciones #41 y 45 de la *Contestación a Demanda* que presentó la parte recurrida el 15 de julio de 2020.

comparar la póliza expedida en cuestión con la póliza que se pudo haber expedido.

Con relación al segundo señalamiento de error, la parte peticionaria sostuvo que el foro recurrido erró y abusó de su discreción al denegar el descubrimiento de toda la información relacionada a las políticas, prácticas, procedimientos y criterios utilizados por Triple-S, específicamente, la información sobre las reservas relacionadas a la reclamación de Parques de Cupey, la información sobre el proceso de reaseguro en lo relacionado a la reclamación de Parques de Cupey, la información sobre la estructura de compensación de Triple-S en lo relacionado a la reclamación de Parques de Cupey, así como los documentos y comunicaciones o políticas relacionadas al uso de Xactimate, RS Means y cualquier otro *software* designado para estimar los costos de construcción o reparación de daños, por entender que la información solicitada era indiscriminada, inmaterial, innecesaria e impertinente a la controversia del caso de epígrafe.

Un examen minucioso de los autos revela que, el descubrimiento de prueba relacionado a la información sobre el proceso de reaseguro en lo relacionado a la reclamación de Parques de Cupey, la información sobre la estructura de compensación de Triple-S en lo relacionado a la reclamación de Parques de Cupey, así como los documentos y comunicaciones o políticas relacionadas al uso de Xactimate, RS Means y cualquier otro *software* designado para estimar los costos de construcción o reparación de daños, es excesiva e impertinente. Así pues, en cuanto al descubrimiento de prueba de la información que antecede, debemos concluir que no abuso de su discreción el foro recurrido al denegarla.

No obstante, lo anterior, el TPI debió conceder el descubrimiento de prueba de la información sobre las reservas

relacionadas a la reclamación de Parques de Cupey. Pues, dicha información es pertinente a la reclamación de epígrafe, específicamente, en cuanto a las alegaciones de dolo, mala fe y la cobertura de la póliza de seguro. Así, incidió el foro de instancia al denegar el descubrimiento de prueba de la información sobre las reservas relacionadas a la reclamación de la parte peticionaria.

Resulta menester destacar que, si bien es cierto que nuestro máximo Foro ha interpretado que el mecanismo de descubrimiento de prueba debe ser amplio y liberal, también ha reconocido que éste no es ilimitado o irrestricto. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, *supra*. Por lo cual, debemos recordar que los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. Íd.

En lo que respecta al tercer señalamiento de error, la parte peticionaria esgrimió que el foro de instancia erró y abusó de su discreción al no haber evaluado y tomado en consideración que la información solicitada no era privilegiada, por lo que debió haberse ordenado su descubrimiento. Un examen puntilloso de los autos revela que, el foro primario no realizó un análisis sobre el privilegio de secreto de negocio en la *Orden* emitida el 2 de septiembre de 2023. Es decir, el foro recurrido hizo caso omiso a las alegaciones de Triple-S. Por lo tanto, destacamos que no erró ni abusó de su discreción el TPI al no haber evaluado y tomado en consideración el privilegio de secreto de negocios. Pues, aunque errónea en parte, el foro recurrido basó su determinación bajo el crisol de la pertinencia.

Finalmente, en lo que respecta al cuarto señalamiento de error, la parte peticionaria afirmó que erró y abusó de su discreción el TPI al abstenerse de aclarar el alcance de la orden que impuso a

Triple-S en cuanto a la obligación de esta última de producir toda la evidencia que sostiene su alegación de que los daños reclamados son preexistentes al paso de los huracanes Irma y María. Atendido el primer señalamiento de error en cuanto a que procede el descubrimiento del expediente de suscripción o *underwriting,* este último señalamiento de error nos resulta académico.

## IV.

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se *revoca* la *Orden* recurrida en cuanto a la denegatoria del descubrimiento del expediente de suscripción o *underwriting,* al igual que entorno a las reservas relacionadas al presente caso; a su vez, se *confirma* la referida *Orden* con relación a los demás asuntos. En consecuencia, se devuelve el caso al foro recurrido para la continuación de los procedimientos en armonía con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones